# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

Lyle W. Cayce
Clerk

No. 13-10099
Summary Calendar

DUANE LYNN WATSON, also known as Duane Watson,

Plaintiff-Appellant

v.

DOCTOR DAVID RYAN BASSE; JOSEPHINE ABERNATHY, Director of Nurses; K. WALLACE, FHA Supervisor of Medical Staff; R. R. WALLACE, LPN; R. GRIFFIN, RN; N. JACKSON, LVN; K. BRYAN, RN; S V PAUL-TENORIO, NP; C. RODRIGUEZ, LVN; C. CUNNINGHAM, RN; ARNOLD, Assistant Warden,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-229

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Duane Lynn Watson, Texas prisoner # 903744, appeals the dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 suit alleging that (1) all of the defendants violated his Eighth Amendment rights, and that (2) defendants R.R. Wallace, R. Griffin, N. Jackson, K. Bryan, C. Rodriguez, C. Cunningham,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and F.H.A. Wallace conspired to violate his Eighth Amendment rights. Since the district court dismissed the suit both as frivolous and for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. 1997e(c), we will conduct a de novo review. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

An IFP complaint may be dismissed as frivolous if it has no arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In reviewing a dismissal for failure to state a claim, this court "must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elsensohn v. Saint Tammany Parish Sheriff's Office*, 530 F.3d 368, 371-72 (5th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Because Watson does not challenge the district court's dismissal of his conspiracy claim, he has abandoned this claim on appeal. *See Geiger*, 404 F.3d at 373 n.6.

To the extent that Watson claims that the defendants initially misdiagnosed his back injury, that their treatment regimen was too conservative, and that their diagnostic and palliative efforts were insufficient, his disagreements with his medical treatment and his allegations of negligence do not state valid claims of deliberate indifference to his serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Watson's allegations that unspecified defendants denied him prescribed pain medication post-surgery and retaliated against him by assigning him to a top bunk are too conclusory to state valid claims. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations . . . masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). The district court did not err by

dismissing his suit as frivolous and for failure to state a claim. *See Geiger*, 404 F.3d at 373.

Watson's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Watson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.